# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KENDALE SIMS,

                      Plaintiff,

v.

DR. KESHENA, FOSTER, and
CAPTAIN KUSTER,

                      Defendants.

Case No. 15-CV-1249-JPS

**ORDER**

      Plaintiff, who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. (Docket #1). On December 28, 2016, the Court issued an order granting Defendants' motion for summary judgment and dismissing this action in its entirety. (Docket #122). On January 9, 2017, Plaintiff filed a short letter stating that he has received the Court's order but is "unable to review [it] himself given he is in segregation and security staff has [sic] [the order]." (Docket #125). Plaintiff asks that the Court "put things on hold" until he has the opportunity to review the order and prepare a response or appeal. *Id.*

      The Court will deny this request. Although he appears to seek a stay of proceedings, the Court notes that because the matter has been finally resolved and dismissed, the only actions remaining for Plaintiff to undertake would be to seek relief from the judgment or to appeal. A motion to amend or seek relief from the judgment would be made under Federal Rules of Civil Procedure 59(e) or 60(b). *See* Fed. R. Civ. P. 59(e); *id.* 60(b). The deadlines for motions made pursuant to those Rules cannot be extended by the Court. *Id.* 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b).").

The 30-day deadline for filing a notice of appeal is set by Federal Rule of Appellate Procedure 4(a)(1)(A). Fed. R. App. P. 4(a)(1)(A). That deadline may be extended on a showing of excusable neglect or good cause. *Id.* 4(a)(5)(A). However, the Court does not find that good cause exists warranting an extension of that deadline. Plaintiff complains that being placed in segregation disables him from participating in this case, but he does not explain why he was moved into segregation. Such a move is ordinarily premised on the inmate's misconduct. Absent a clear showing that his placement into segregation was not of his own making, the Court cannot grant an extension on that basis. Furthermore, it is not the practice of Wisconsin Department of Corrections institutions to deny prisoners access to legal mail, even when in segregation. Thus, the Court is not inclined to take Plaintiff at his word to the extent he suggests that he has been denied access to the Court's orders.

Accordingly,

**IT IS ORDERED** that Plaintiff's request for extension of post-judgment deadlines (Docket #125) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of January, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge